[File No. 98 Cr.]

STATE OF NORTH DAKOTA, Respondent, v. FRANK DeLONG, Appellant.

(244 N. W. 872.)

632

Opinion filed October 19, 1932.

*Byrne & Reichert* and *Jacobsen & Murray*, for appellant.

*James Morris*, Attorney General and *Mark H. Amundson*, State's Attorney, for respondent.

BURKE, J.   The defendant, Frank DeLong, was charged with the commission of a felony in Bowman county, North Dakota and upon his petition for change of venue the court sent the case to Adams county for trial.   After a trial in Adams county the jury disagreed. Thereafter on the petition and motion of the state's attorney, the case was sent to Slope county for trial.   On trial in Slope county the defendant was convicted.   Motions in arrest of judgment and for a new trial were overruled and the defendant appeals from the judgment of conviction.

There is just one question involved, namely:   The sufficiency of the affidavit for a change of venue.

It is the contention of the appellant that the petitioner for a change of venue must state, under oath, that he has reason to believe and does believe, and the facts upon which such belief is based, that he cannot have a fair and impartial trial in the county or judicial subdivision where said action is pending, upon any of the following grounds, viz., subdivision 3, § 10,756, Comp. Laws 1913:   That it is impossible to obtain a jury in the county or judicial subdivision that has not formed an opinion as to the guilt or innocence of the defendant such as would disqualify them as jurors.

The affidavit for change of venue states that after the trial in Adams county the case was submitted to the jury about the middle of the afternoon on the 19th day of March, 1932, and that said jury was,

on or about the middle of the forenoon of the 21st day of March, 1932, discharged because unable to agree, having been continuously considering their verdict. That during the trial of said action a large number of the people of the city of Hettinger, in the county of Adams and the surrounding territory in Adams county, as well, and the entire panel of jurors heard the evidence in said case, and from various expressions made by the spectators and others, practically everyone formed an opinion of the guilt or innocence of said accused, and that it is, therefore, impossible to obtain a jury in said Adams county that has not formed an opinion as to the guilt or innocence of the defendant, such as to disqualify them as jurors.

There are other statements apparently made for the benefit of defendant and to the effect that the defendant could not give bail and would have to remain in jail until the next term of court in Adams county in January, 1933, while he might have a trial in June, 1932 in Slope county. Affiant has been informed by many people residing in Adams county that it would be impossible to obtain a jury in said county to try the said defendant. The application for change of venue was not resisted in any way until after the conviction.

In an application for a change of venue it is good practice to follow the language of the statute, but a petition which alleges more than the statute requires is not subject to criticism.

The record shows a sensational case, likely to attract a great deal of attention. The affidavit shows that it did attract the attention of a large number of people of Hettinger in Adams county and the surrounding territory in Adams county, and the entire panel of jurors, and from various expressions made by the spectators and others, practically everyone formed an opinion of the guilt or innocence of said accused. If, after stating the foregoing facts, affiant stated he had reason to believe and does believe from such facts that it is impossible to obtain a jury in the county of Adams that has not formed an opinion as to the guilt or innocence of the defendant such as would disqualify them as jurors, the affidavit, according to appellant, would have been sufficient, but instead of saying that "he has reason to believe and does believe" he states positively that it is, therefore, impossible to obtain a jury that has not formed an opinion as to the guilt or innocence of the defendant such as to disqualify them as jurors.

He is so well satisfied with the conditions disqualifying the jurors of Adams county that he makes the positive statement that they are disqualified. It is a stronger statement than the statute requires and the judgment must be and is affirmed.

CHRISTIANSON, Ch. J., and BIRDZELL, NUESSLE and BURR, JJ., concur.